UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 22, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's Renewed Application for Temporary Restraining Order [DE 12]

## I.  INTRODUCTION

On December 12, 2025, Tuan Bui ("Petitioner") filed a Writ of Habeas Corpus and an *Ex Parte* Application for a Temporary Restraining Order ("Application") against Kristi Noem, Pamela J. Bondi, Thomas Giles, James Pilkington, and Geo Group Inc. (collectively, "Respondents"). (ECF Nos. 1, 3.) Petitioner is in U.S. Immigration and Customs Enforcement ("ICE") custody after ICE revoked his Order of Supervision ("OSUP").

The Court denied Petitioner's original *Ex Parte* Application for a Temporary Restraining Order in which Petitioner requested his release from detention. (ECF No. 8.) Petitioner now seeks a Renewed *Ex Parte* Application for a Temporary Restraining Order ("Renewed Application"). (ECF No. 12.) For the following reasons, the Court **DENIES** the Renewed Application.

## II.  FACTUAL BACKGROUND

Petitioner is a native of Vietnam and admitted into the United States as a refugee. In 1998, Petitioner received an order of removal based on a criminal conviction. Petitioner appealed the order to the Board of Immigration Appeals ("BIA"), who then remanded the matter to an immigration judge. On September 7, 1999, Petitioner was again ordered to be removed to Vietnam and was released thereafter on bond. On September 19, 2001, the BIA dismissed Petitioner's second appeal. Petitioner then was convicted of two more crimes, causing ICE to cancel Petitioner's bond in 2003. In 2005, Petitioner was detained by ICE after being released from state custody and was then released on an OSUP.

On November 14, 2025, Petitioner was detained at a scheduled ICE check-in and taken into ICE custody. That same day, Petitioner was served a Notice of Revocation of Release. Since then, Petitioner has remained in ICE custody pending removal. Petitioner has high potassium levels and a condition called hyperkalemia. Petitioner must take daily medication for his condition. Petitioner alleges that ICE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 22, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

has run out of the medication he needs for his condition, and he has not taken his medication for two weeks.

### III.     JUDICIAL STANDARD

#### A.     *Ex Parte* Relief

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

#### B.     Temporary Restraining Order

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* test"). In the Ninth Circuit, courts also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party bears the burden of persuasion. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

### IV.     DISCUSSION

#### A.     *Ex Parte* Relief

Here, Petitioner has met his burden to justify *ex parte* relief. First, he has shown that he will suffer irreparable harm if the underlying TRO request is heard according to regular noticed motion procedures. Petitioner claims that ICE has run out of his medication needed to treat his condition of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 22, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

hyperkalemia. (Bui Decl., Ex. B ¶¶ 8–12, ECF No. 12-3.) Petitioner claims that for two weeks, he has not been given his medication, nor has he been given a timeline as to when to expect it. (*Id.*) The government does not refute that Petitioner has not been given his medication. As Petitioner's doctor has confirmed Petitioner must take this medication daily, (*id.* ¶ 9), the Court finds that Petitioner will suffer irreparable harm should the TRO be heard according to regular noticed motion procedures.

Next, Petitioner must show that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Petitioner's wife contacted legal representation only three days after Petitioner was detained, (Threlkeld Decl., Ex. A ¶ 14, ECF No.12-2), and Petitioner does not seem to have delayed any progress in filing the present TRO. Accordingly, the Court finds Petitioner is without fault.

In sum, Petitioner has met the *ex parte* standard. The Court proceeds to consider the merits of the TRO.

**B.** **Temporary Restraining Order**

The likelihood of success on the merits is "the most important factor" in deciding whether to grant injunctive relief. *Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023) (citing *California by & through Becerra v. Azar*, 950 F.3d 1067, 1083 (9th Cir. 2020) (en banc)). Despite this, Petitioner has dedicated one sentence in his TRO application to the likelihood of success on the merits, in which he does not explain *why* there is a likelihood of success on the merits. Instead, Petitioner just states the legal conclusion that "[Petitioner] is very likely to succeed on the merits of his habeas petition for the reasons set forth in his petition." (TRO App. at 3, ECF No. 12.) But such a conclusory statement does not establish, within the application, why there is a likelihood of success on the merits. "The Court's role is not to make or develop arguments on behalf of the parties." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. 2018). For this Application, Petitioner bears the burden of persuasion. *See Mazurek*, 520 U.S. at 972. Without more explanation and analysis, the Court cannot make a judgment as to whether there is a likelihood of success on the merits.

Accordingly, Petitioner has not met his burden of showing a likelihood of success on the merits of his claims. He therefore has not demonstrated entitlement to the TRO relief he seeks. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (cleaned up) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 22, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

## V. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Renewed TRO Application. As Petitioner's Renewed TRO Application would form the same basis for a request for preliminary injunction, Petitioner's request pursuant to Local Rule 65-1 is also **DENIED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sh |