UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's Second Application for Temporary Restraining Order [DE 15]

## I.   INTRODUCTION

On December 12, 2025, Tuan Bui ("Petitioner") filed a Writ of Habeas Corpus and an *Ex Parte* Application for a Temporary Restraining Order ("Application") against Kristi Noem, Pamela J. Bondi, Thomas Giles, James Pilkington, and Geo Group Inc. (collectively, "Respondents"). (ECF Nos. 1, 3.) Petitioner is in U.S. Immigration and Customs Enforcement ("ICE") custody after ICE revoked his Order of Supervision ("OSUP"). Petitioner requests his immediate release from detention.

On December 15, 2025, the Court denied Petitioner's original Application for failing to comply with the standard for granting *ex parte* relief. (ECF No. 8.) On December 22, 2025, the Court denied Petitioner's Renewed Application for a Temporary Restraining Order ("First Renewed Application") for failing to explain how Petitioner would likely success on the merits. (ECF No. 14.) Respondents opposed the First Renewed Application. Presently now before the Court is Petitioner's Second Application for a Temporary Restraining Order ("Second Application"). Respondents have not filed an Opposition to the Second Application to date.[1] For the following reasons, the Court **GRANTS** the Second Application.

## II.   FACTUAL BACKGROUND

Petitioner is a native of Vietnam and was admitted into the United States as a refugee in 1992. In 1998, Petitioner received an order of removal based on a criminal conviction. Petitioner appealed the order to the Board of Immigration Appeals ("BIA"), who then remanded the matter to an immigration judge. On September 7, 1999, Petitioner was again ordered to be removed to Vietnam and was released thereafter on bond. On September 19, 2001, the BIA dismissed Petitioner's second appeal. Petitioner

---

[1] Many of Petitioner's arguments in the Second Application reference Respondents' Opposition to the First Renewed Application. Accordingly, the Court must consider the merits of Respondents' Opposition to the First Renewed Application, which are incorporated by reference, in order to decide the merits of Petitioner's Second Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

then was convicted of two more crimes, causing ICE to cancel Petitioner's bond in 2003. In 2005, Petitioner was detained by ICE after being released from state custody and was then released on an OSUP. Over the following two decades, Petitioner reported to approximately forty-five consecutive ICE check-ins.

On November 14, 2025, Petitioner was detained at a scheduled ICE check-in and taken into ICE custody. That same day, Petitioner was served a Notice of Revocation of Release.

### III. JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a Temporary Restraining Order ("TRO") is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* test"). In the Ninth Circuit, courts also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party bears the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

### IV. DISCUSSION

#### A. Likelihood of Success on the Merits

Petitioner asserts two claims in his Petition: that his continued detention violates his due process rights under (1) *Zadvydas v. Davis*, 533 U.S. 678 (2001) and (2) 8 C.F.R. § 241.13(i)(2), because there is no significant likelihood that he will be removed to Vietnam in the reasonably foreseeable future. Petitioner also makes a claim that the government violated his due process rights by failing to give him adequate notice and an informal interview when revoking his OSUP, in violation of 8 C.F.R. § 241.4(l).

The Supreme Court has made it clear that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Federal immigration law establishes procedures for removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

aliens living unlawfully in the United States as well as for determining whether such persons are detained during removal proceedings." *Johnson v. Guzman Chavez*, 594 U.S. 523, 523 (2021).

Accordingly, immigration enforcement agencies failing to comply with federal immigration law when removing or detaining a noncitizen ultimately violates the noncitizen's due process rights. *See, e.g., Touch v. Noem*, 2025 WL 3278019, at *6 (S.D. Cal. Nov. 25, 2025), *adopted sub nom. CHUNY TOUCH, Petitioner, v. KRISTI NOEM, Sec'y of the Dep't of Homeland Sec., et al., Respondents.*, 2025 WL 3296280 (S.D. Cal. Nov. 26, 2025) ("ICE's failure to comply with 8 C.F.R. § 241.4 and § 241.13 violated Petitioner's due process rights."); *see also Diaz v. Wofford*, 2025 WL 2581575, at *7 (E.D. Cal. Sept. 5, 2025) ("DHS's failure to follow its own procedural regulations may constitute a due process violation.").

    1.    *Detention under Zadvydas*

Federal immigration laws require detention of removable aliens during a 90-day removal period. 8 U.S.C. § 1231(a)(1)–(2)(A). Continued detention is permitted under § 1231(a)(6), but only for the time "reasonably necessary" to effectuate removal because indefinite detention would run affront with Fifth Amendment Due Process rights. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). The "presumptively reasonable" period of detention after a removal order is prescribed to be six months. *Id.* at 701. After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2011) (quoting *Zadvydas*, 533 U.S. at 689–701).

Respondents argue in their Opposition to the First Renewed Application that Petitioner's claim is barred by *Zadvydas* because Petitioner has only been detained for four months, which is under the six-month reasonable detention period prescribed in *Zadvydas*. However, the six-month presumption of reasonability under *Zadvydas* is "just that—a presumption." *Clark v. Martinez*, 543 U.S. 371, 387 (O'Connor, J., concurring). Such a presumption is not a "prohibition on claims challenging detention less than six months." *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 993 (C.D. Cal., 2018). And *Zadvydas* made it clear that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700. Accordingly, we must assess whether Petitioner has established enough evidence that his removal is not reasonably foreseeable. *See id.* at 701 (placing the initial burden on Petitioner to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Here, Petitioner provides no evidence that his deportation to Vietnam is not reasonably foreseeable. Petitioner devotes most of his Second Application to refuting Respondents' arguments, which were made in response to his First Renewed Application, but Petitioner provides no affirmative evidence that there is no significant likelihood that Petitioner will be removed in the reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

foreseeable future. Thus, because Petitioner has failed to meet his burden in showing that removal is not reasonably foreseeable, Petitioner's argument that his due process rights were violated under *Zadvydas* fails.

    2.    <u>8 C.F.R. § 241.13(i)</u>

8 C.F.R. § 241.13(i) governs re-detention determinations for noncitizens subject to final removal orders whose initial removal orders are expired and for whom the government has found no significant likelihood of removal in the reasonably foreseeable future. Petitioner argues that he is subject to this provision, and Respondents do not oppose, thus absent more, the Court finds that Petitioner is subject to § 241.13(i).

Under 8 C.F.R. § 241.13(i), the government may revoke release if (1) an alien violates conditions of his release, or (2) "on account of changed circumstances, the [government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." Neither Petitioner nor Respondents indicate that Petitioner violated the conditions of his release, thus the grounds for revoking Petitioner's release must lie under 8 C.F.R. 241.13(i)(2). Under 8 C.F.R. 2413.13(i)(2), the government bears the burden to show that on account of changed circumstances, there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. *See Phouvieng K. v. Andrews*, 2025 WL 3265504, at *4 (E.D. Cal. Nov. 24, 2025).

Respondents argue in response to the First Renewed Application that Petitioner is likely to be removed because "pre-1995 Vietnamese immigrants are now routinely removed to Vietnam." (Opp. to First Renewed App. at 10, ECF No. 13.) However, a barebones assertion that Vietnamese immigrants are routinely removed to Vietnam does not establish how Petitioner, in particular, will be removed. Furthermore, Petitioner has been released pursuant to an OSUP since 2005. Respondents do not make clear to the Court whether the routine deportation of pre-1995 Vietnamese immigrants is a new policy, such that it could suddenly account for a changed circumstance and justify Petitioner's re-detention. Indeed, Petitioner asserts that a Memorandum of Understanding between the United States and Vietnam was established in 2020, in which Vietnam could consider some pre-1995 Vietnamese immigrants for removal, like Bui. (Second App. at 6, ECF No. 15.) It is difficult for the Court to see how a policy implemented in 2020, five years ago, could suddenly now constitute a changed circumstance to effectuate Petitioner's removal.

Respondents also cite to three cases in response to the First Renewed Application in which petitions have been mooted by the government's removal of the petitioner to Vietnam. *See, e.g., Huynh v. Semaia*, No. 2:24-cv-10901-MRA-DFM (C. D. Cal.); *Van Minh v. Dep't of Homeland Sec.*, 2025 WL 3079046 (C.D. Cal. Nov. 3, 2025); *Minh Vo v. Dep't of Homeland Sec.*, 2025 WL 3691706 (C.D. Cal. Dec. 10, 2025). However, evidence that others have been removed, without a specific comparison to Petitioner's case, do little to show that Petitioner, himself, is likely to be removed in the reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

foreseeable future. *See Nguyen v. Noem*, No. 8:25-cv-02654-HDV-DSR (C.D. Cal. Dec. 19, 2025) [Dkt 17] at 8 ("And Respondents' reliance on three instances of individuals being repatriated to Vietnam is 'hardly persuasive' to demonstrate changed circumstances, especially without more information on whether those individuals are similar to Petitioner.").

Lastly, Respondents cite to a declaration by a Deportation Officer in support of the notion that Petitioner is likely to be removed. In the declaration, the Officer asserts that ICE completed and sent a travel document to Vietnam for review and submission on November 27, 2025. The Officer purports that in his recent experience, Vietnam has issued travel documents when ICE has made such requests for removeable noncitizens, including Vietnamese individuals who arrived in the United States prior to 1995. (Jensen Decl. ¶¶ 22, 23.) Taking these assertions as true, it is still not clear whether Petitioner will be removed in the reasonably foreseeable future. Although Respondents have taken one step to effectuate Petitioner's removal by submitting his travel document, the declaration provides no information as to a timeline for when the travel document will actually be issued and removal will occur. The declaration therefore fails to provide the necessary information that would substantiate a claim that Petitioner will likely be removed in the reasonably foreseeable future. This is especially relevant when considering that Petitioner's travel document has been pending for over one month now without an updated decision, to the Court's knowledge.

Respondents also do not establish what factors Vietnam will use in deciding whether to approve Petitioner's travel documents and how Petitioner meets said factors, such that his removal is likely. *See Nguyen*, No. 8:25-cv-02654-HDV-DSR [Dkt 17] at 8 ("The record in this case is devoid of concrete information about the criteria that make a particular person eligible for repatriation and that guide Vietnam's exercise of discretion.").

Accordingly, the Court finds that Respondents have failed to establish that on account of changed circumstances, Petitioner will be significantly likely to be removed in the reasonably foreseeable future. Thus, his re-detention is not appropriate under 8 C.F.R. § 241.13(i)(2).

    3.    *8 C.F.R. § 241.4(l)*

8 C.F.R. § 241.4(l) provides that, upon revocation of an OSUP, the noncitizen (1) "will be notified of the reasons for revocation of his or her release" and (2) will be given "an initial informal interview promptly after [re-detention] to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *See also Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025) ("[I]n order to revoke conditional release, the Government must provide adequate notice and 'promptly' arrange an 'initial informal interview . . . to afford the alien an opportunity to respond to the reasons for the revocation stated in the notification.'") (quoting 8 C.F.R. § 241.4(l)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

Here, Petitioner alleges that the Respondents did not adequately notify him of the reasons for his revocation of his release, despite Petitioner receiving a Notice of Revocation, and that he was not afforded an initial informal interview. The Court need not decide whether the reasons for revocation of Petitioner's release were adequate, as Respondents do not refute that they have failed to give Petitioner his entitled informal interview. As Petitioner must be afforded both notification of the reasons for revocation of his release *and* an informal interview, the Court finds that Respondents failed to follow the appropriate procedures when revoking his release. This failure is in clear violation of federal immigration laws and Petitioner's procedural due process rights, rendering Petitioner's current detention unlawful.

In sum, Petitioner has shown he is likely to succeed on the merits of his claims under 8 C.F.R. § 241.13(i) and § 241.4(l). Accordingly, the Court moves on to consider the remaining *Winter* factors.

**B.    Likelihood of Irreparable Harm**

In the absence of a temporary restraining order, Petitioner will continue to be unlawfully detained and deprived of his right to due process. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). When the "alleged deprivation of a constitutional right is involved, [as is the case here,] most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (internal quotation omitted). Nevertheless, detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Accordingly, the Court finds that Petitioner is likely to suffer irreparable harm in the absence of a temporary restraining order.

**C.    Balance of the Equities and Public Interest**

The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court finds that because the revocation of Petitioner's release was likely inconsistent with federal law, the balance of hardships and public interest factors weigh in favor of a preliminary injunction. *See Delkash*, 2025 WL 2683988, at *6 (holding the same). The preliminary injunction would fulfill Respondents' compelling interest in steady enforcement of immigration laws, including following the processes for revoking release and detaining previously released noncitizens. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a temporary restraining order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03370-RGK-AJR | Date | December 30, 2025 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Petitioner's Second *Ex Parte* Application for a Temporary Restraining Order.[2] The Court hereby **ORDERS** Respondents to immediately release Petitioner from custody, restore Petitioner to the status quo prior to re-detention by reinstating his prior OSUP, and refrain from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.13(i)(2) and 8 C.F.R. § 241.4(l). The Court also **ORDERS** Respondents to **SHOW CAUSE** as to why a preliminary injunction should not be granted in this case no later than twenty-one (21) days of this Order. Petitioner may file a response no later than seven (7) days after Respondents' filing.

**IT IS SO ORDERED.**

                                                                                    :
                                Initials of Preparer        _____

---

[2] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.