# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03370-RGK-AJR | Date | February 6, 2026 |
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

Not Present                                              Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Order to Show Cause as to Why a Preliminary Injunction Should Not Issue [16]**

## I.   INTRODUCTION

On December 12, 2025, Tuan Bui ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") and an *Ex Parte* Application for a Temporary Restraining Order ("TRO") against Kristi Noem, Pamela J. Bondi, Thomas Giles, James Pilkington, and Geo Group Inc. (collectively, "Respondents"). (ECF Nos. 1, 3.) On December 30, 2025, the Court granted Petitioner's Second Application for a TRO, ordered Petitioner to be released from custody, reinstated his prior Order of Supervision ("OSUP"), and ordered Respondents to refrain from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.13(i)(2) and 8 C.F.R. § 241.4(l) (ECF No. 16.). The Court also ordered Respondents to show cause as to why a preliminary injunction should not issue. (*Id*.).

Presently before the Court is the Order to Show Cause ("OSC") as to why a preliminary injunction should not issue. (ECF No. 16.) For the following reasons, the Court **ISSUES** a preliminary injunction.

## II.   FACTUAL BACKGROUND

Petitioner is a native of Vietnam and was admitted into the United States as a refugee in 1992. In 1998, Petitioner received an order of removal based on a criminal conviction. Petitioner appealed the order to the Board of Immigration Appeals ("BIA"), who then remanded the matter to an immigration judge. On September 7, 1999, Petitioner was again ordered to be removed to Vietnam and was released thereafter on bond. On September 19, 2001, the BIA dismissed Petitioner's second appeal. Petitioner then was convicted of two more crimes, causing Immigration and Customs Enforcement ("ICE") to cancel Petitioner's bond in 2003. In 2005, Petitioner was detained by ICE after being released from state custody and was then released on an OSUP. Over the following two decades, Petitioner reported to approximately forty-five consecutive ICE check-ins.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03370-RGK-AJR | Date | February 6, 2026 |
|---|---|---|---|
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

On November 14, 2025, Petitioner was detained at a scheduled ICE check-in and taken into ICE custody. That same day, Petitioner was served a Notice of Revocation of Release.

### III. JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right." *Id.* at 24. A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest (the "*Winter* test"). *Id.* at 20. The Ninth Circuit has adopted an alternative sliding scale approach, in which the elements of the *Winter* test are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For instance, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

### IV. DISCUSSION

The Court incorporates by reference the Court's analysis of Petitioner's application for a TRO. (*See* Order Re. Pet'r's Second App. TRO, ECF No. 16.) Petitioner is still likely to succeed on the merits of his Petition, as the government has not shown that on account of changed circumstances, there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future as required under 8 C.F.R. § 241.13(i). The government also has failed to give Petitioner an informal interview as required under 8 C.F.R. § 241.4(l). Furthermore, Petitioner has established that he will likely suffer irreparable harm absent injunctive relief, and the balance of equities and public interest favor Petitioner.

Respondents only raise one argument in responding to the Court's OSC. Respondents claim that the Petition is moot now that Petitioner has been released from custody in accordance with the TRO. However, the Court disagrees. The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting mootness for petitioners who had been released on bond pursuant to a preliminary injunction because "these individuals faced the threat of re-arrest and mandatory detention."); *Cruz v. Lyons*, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve. A habeas petition is not moot where preliminary relief is not made permanent."); *Esmail v. Noem*, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sep. 26, 2025) ("Given the TRO's expiration . . . the necessity of further injunctive relief maintaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03370-RGK-AJR | Date | February 6, 2026 |
| Title | *Tuan Bui v. Kristi Noem et al.* | | |

the status quo during the pendency of litigation means the claim is necessarily not moot."). As such, the Court finds that the Petition is not moot by Petitioner's release.

Respondents ask that should the Court not agree that the Petition is moot, they receive an opportunity to further brief any issues identified by the Court. Respondents have not shown good cause for this request, especially as the Court clearly ordered Respondents to respond to the OSC within 21 days of the entry of the TRO. The response to the OSC would necessarily include Respondents making all arguments as to why a preliminary injunction should not issue, which they did not do.

Accordingly, the Court enters a preliminary injunction consistent with the TRO.

V.  **CONCLUSION**

For the foregoing reasons, the Court **ISSUES** a preliminary injunction.[1] The Court hereby **ORDERS** Respondents to refrain from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.13(i) and 8 C.F.R. § 241.4(l), which includes refraining from re-detaining Petitioner unless there are changed circumstances that necessitate a significant likelihood that Petitioner will be removed in the reasonably foreseeable future, as well as ensuring Petitioner receive an informal interview before re-detention.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |

---

[1] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.